IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CHIARADONNA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROSEMONT COLLEGE | : | NO. 06-1015 |

## MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE          March    23   , 2007

    The Defendant has filed a Motion to Compel More Specific Responses to the first set of interrogatories and requests in this age/gender discrimination and retaliation case. At the time of his termination, Plaintiff was an Associate Dean for the School of Continuing Studies at Rosemont College. In the Complaint, Plaintiff alleges that he sent an email to the administration and Board of Trustees of the College, notifying them of a lack of heat in several of the classrooms and staff offices. (Complaint, at ¶17). Thereafter, a verbal altercation occurred between Plaintiff and the Director of Facility Services. (Complaint, at ¶19). A week after the altercation, Plaintiff was told that he was terminated due to the verbal altercation. (Complaint, at ¶20). In the Complaint, Plaintiff alleges that Laurie McGarvey, the former Dean of the Continuing Education School had made similar complaints and been involved in similar altercations without termination. (Complaint, at ¶20). According to the Complaint, the Plaintiff believes that he was terminated because Rosemont's female administration did not want to hire a man to fill the Dean's position (Complaint, at ¶24), and in retaliation for his complaints about the lack of heat in the classrooms and offices. (Complaint, at ¶26).

    In response to the Defendant's First Set of Interrogatories and Request for Production of Documents, the Plaintiff, after objecting to the interrogatories, directed the Defendant to the

Plaintiff's deposition without referencing any specific page or section of the two-day (approximately 13 hour) deposition. In the Motion to Compel, the Defendant asks that Plaintiff designate the responsive deposition pages for each interrogatory. Similarly, in responding to many of the Request for Production of Documents, the Plaintiff responds, "to the extent any such documents exist, they have already been produced." The Defendant asks that the Plaintiff supplement his production by specifically stating that no responsive document exists if it does not, rather than sending the Defendant on a wild goose chase.

The Plaintiff argues that the Defendant can locate the relevant deposition pages as easily as can the Plaintiff, and that the Defendant should "take the time to review the documents and testimony referenced to determine the scope and information that has already and repeatedly been provided." (Response, at 3).

We find it ironic that the Plaintiff is now referring to documents *en masse*, when, just three months ago, the Plaintiff was complaining in a Motion to Compel that the Defendant was guilty of the same sin. At that point, we ordered the Defendant to more specifically identify responsive documents. Chiaradonna v. Rosemont College, No. 06-1015, 2005 WL 3742777 *2 (E.D. Pa. Dec. 11, 2006). What is good for the goose is good for the gander.

Moreover, we believe the Defendant is being quite reasonable in its request. We have found caselaw from this District in which the court has concluded that reference to deposition testimony is not a proper response to an interrogatory. See Collier v. Ecolab, Inc., No. 95-7486, 1996 WL 171536 *1 (E.D. Pa. Apr. 10, 1996)(Green, S.J.)("Answers to interrogatories should be complete and should not refer to other documents such as pleadings or depositions"); DiPietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992)(Naythons, M.J.)("reference to sworn

2

deposition testimony is an insufficient response to an interrogatory).

Looking at the Interrogatories and the portions of the deposition attached to the pleadings, we find that much of the information sought by the Defendant was discussed at Mr. Chiaradonna's deposition. Therefore, we will not require separate responses to the interrogatories - reference to the deposition will suffice. However, we will require the Plaintiff to supplement his responses with specific reference to relevant pages of his deposition. We will also require the Plaintiff to supplement his document production. If no responsive document exists, we expect the Plaintiff to so state.

The Defendant also complains about the Plaintiff's responses to specific Interrogatories. We will discuss each Interrogatory and the Defendant's specific complaints separately.

<u>Interrogatory 15</u>

*Please identify each document that you took and/or removed from Rosemont College either before or at the time of your discharge or thereafter.*

In response to this Interrogatory, the Plaintiff referred the Defendant to his deposition testimony and stated that he did not remove anything from the school at the time of his termination. In the Motion to Compel, the Defendant states that it believes that the Plaintiff transferred documents and emails from the school to his home.

The Defendant argues that the Plaintiff's response is inadequate because the Plaintiff referred only to "records." (Motion, at 11). However, a review of the Plaintiff's response to the Interrogatory reveals that the response is not limited to records. The Plaintiff stated that he did not remove anything from the school. In addition, looking at the deposition pages referenced by Plaintiff in response to the Motion to Compel, it is clear that Plaintiff has responded to this

Interrogatory.  He has stated that it was not his practice to transfer emails to his house and, any that he had transferred, he has turned over to counsel.  (Chiaradonna Dep., at 289).  We believe the Plaintiff has fully responded to Interrogatory 15.

> Interrogatory 19
>
> *If your claim of damages involves a loss of tuition or educational expenses for yourself or other family members, for each person in your family, specify the date or dates of any application for enrollment/tuition was made, the institution to which an application for tuition or enrollment was made, the date of acceptance, the cost of tuition, room and board and other related expenses and the source and sources of any scholarship, funds, gifts, grants or other moneys which you received each year, and identify the university or college each of your children attended and the dates of their attendance.*

In response to this Interrogatory, the Plaintiff produced certain documents, specifically the tuition invoices from the colleges that Mr. Chiaradonna's stepchildren attend.  These documents show the financial aid and scholarships that have been applied to each child's tuition.  The Defendant argues that this documentation is inadequate, citing a specific example that one of the children received a $6,000 scholarship, which would reduce the Plaintiff's damages for lost tuition.  However, reviewing the documents provided by the Plaintiff in response to the Interrogatory, the $6,000 scholarship ($6,428 to be exact) is referenced in the college invoice.  We find no inadequacy in the Plaintiff's response to this Interrogatory.

> Interrogatory 20
>
> *In December 2004, January and February 2005, please identify your family physician, by name, address and phone number, the date or dates of any visits and for each visit the time and date when the visit was scheduled.*

In response to this Interrogatory, the Plaintiff identified his family physician by name and address, and stated that he was seen at various times.  The Plaintiff also referred the Defendant to

his deposition. Unfortunately, the deposition testimony referenced by the Plaintiff is not responsive to this Interrogatory. The Defendant specifically asks for the dates in December, 2004, and January and February, 2005, that Plaintiff saw his family physician, and when each of the visits had been scheduled. Nothing we have seen has responded to this portion of the Interrogatory. Therefore, we will grant the Defendant's Motion with respect to this Interrogatory.

Interrogatory 21

*From 2002 to the present, please identify each and every healthcare provider including but not limited to, psychologist, psychiatrist, counselor or family counselor with whom or from whom you received treatment and/or care. Please identify each healthcare provider by name, address and telephone number.*

The Plaintiff objects to this Interrogatory, claiming it is overly broad and seeks confidential information, irrelevant to this action. The Plaintiff argues that there is no separate tort claim in this case and that evidence from doctors other than his primary care physician is irrelevant to this "garden variety discrimination case." (Response, at 5).[1] The Defendants argue that such evidence is relevant for two reasons. First, Mr. Chiaradonna was absent from work for health reasons from January 19, 2005, to January 26, 2005, with the exception of January 24. More importantly, however, the Defendant argues that the medical evidence is relevant to the case because the Defendant's stated bases for Plaintiff's firing were his inability to get along with co-workers and an outburst and tirade with a co-worker that lasted for five to seven minutes.

We agree with the Defendant. Based on the information currently before the court, Mr. Chiaradonna has failed to support his medical leave with any medical evidence. In addition, if

---

[1] We note that, in his deposition, the Plaintiff discussed some other medical issues that he had suffered. However, there does not appear to be any evidence regarding psychological/psychiatric treatment.

5

medical evidence exists that would shed light on the severity of the outburst for which he was allegedly fired, that evidence is relevant to the defense.  Therefore, we will compel the additional medical evidence sought by the Defendant.

<u>Interrogatory 22</u>

*Specify the date and time that you first learned or heard that Rosemont College was considering your termination, the source of said information and what steps you took to address this issue with anyone at Rosemont College.  For each step and/or communication, identify all supporting documents and emails.*

The Plaintiff objected to this Interrogatory, claiming that it seeks confidential information protected by the work product and attorney/client privileges.  The Plaintiff also referenced his deposition.  In response to the Motion to Compel, the Plaintiff provides specific page citations to his deposition.  In the deposition, he describes the phone call in which he learned that he was going to be terminated.  (Chiaradonna Dep., at 201).  Although he also mentions one email he received regarding his impending termination, (Chiaradonna Dep., at 208), the deposition (at least the excerpt provided to the court) does not provide any other reference to communications made or received by Mr. Chiaradonna in response to the phone call.  In response to the Motion to Compel, the Plaintiff states that "[m]any of these documents have been produced since August 2006 as part of Plaintiff's self executing disclosures."  The Plaintiff objects to searching through the documentation produced in the case and argues that the "Defendant can perform this review just as easily."  (Response, at 6).

To the extent the Plaintiff complains that it has already produced the documentation, it shall identify either by Bates stamp number or other identifying reference (date and recipient of email), any responsive document.  To the extent the Plaintiff claims a privilege, it shall provide a

privilege log.

### Interrogatories 23, 24, and 25

In Interrogatory 23, the Defendant asks the Plaintiff to identify every individual at the college with whom he discussed the reorganization plan and to produce any documents memorializing such communication. In Interrogatory 24, the Defendant asks the Plaintiff to identify any individual at Rosemont with whom he had contact after his termination. In Interrogatory 25, the Defendant asks the Plaintiff to identify all meetings and/or communications he had with Rosemont employees, former employees, or companies with whom Rosemont did business at which he advised such people or companies that he had been terminated for complaining about the heat.

In response to all three of these Interrogatories, the Plaintiff complains that the Interrogatory seeks confidential information protected by the work product privilege and because it seeks legal conclusions, not factual responses. The Plaintiff also referenced his deposition and emails already produced. In response to the Motion to Compel, the Plaintiff does reference specific pages of his deposition. A review of those pages reveals some discussion of these topics and related emails. However, it is not clear whether the deposition is an all-inclusive list or whether these are all the emails and communications the Plaintiff had regarding each topic. The Plaintiff shall supplement his responses to these three Interrogatories, providing correspondence or identifying previously produced documentation by Bates stamp number or other identifying reference. To the extent the Plaintiff claims a privilege, he shall provide a proper privilege log.

### Document Request 17

*Any and all documents which the plaintiff received from Rosemont College prior*

> *to his termination concerning appeals/grievances and/or rights to ask for reconsideration for many adverse disciplinary action taken against an administrator/employee.*

In response, the Plaintiff states that he has no such document because he was fired when he was home sick.  The Defendant takes exception to this response because it is the Defendant's position that Mr. Chiaradonna was expecting to be fired prior to his actual termination.  Thus, he could have taken the documents prior to his termination.  In response to the Motion, Plaintiff maintains that he has no such documentation in his possession.  This is sufficient to respond to the Request.

### Document Request 24

> *Any and all documents pertaining to the course or courses that you taught during your employment at Rosemont College.*

The Plaintiff objected to this Request as overly broad, unduly burdensome, and irrelevant.  However, in response to the Motion to Compel, Plaintiff stated that he has already produced all of the documents responsive to this Request.  Obviously, Plaintiff cannot produce what he doesn't have.

### Document Request 51

> *Any and all documents, including, but not limited to correspondence, notes, memoranda, emails and/or articles written by the plaintiff concerning his termination at Rosemont College and any publication of the same.*

The Plaintiff responded that all such documents had been produced.  However, the Defendant argues that Mr. Chiaradonna testified during his deposition about articles he had written about his termination that were posted on websites.  The Defendant says that these documents have not been produced.  Looking at the referenced deposition pages, Mr. Chiaradonna admitted seeking on-line legal advice about being terminated for his complaints about the lack of heat.

(Chiaradonna Dep., at 286-87). The Plaintiff also said that he thought he had copies of what he sent out on the internet. (Chiaradonna Dep., at 287). If Plaintiff has not already done so, he shall provide the Defendant with such material to satisfy Document Request 51.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CHIARADONNA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROSEMONT COLLEGE | : | NO. 06-1015 |

### O R D E R

AND NOW, this 23rd day of March, 2007, upon consideration of the Defendant's Motion to Compel, the response, thereto, the reply, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is GRANTED IN PART and DENIED IN PART.  The Plaintiff shall supplement his answers to Interrogatories and document production as discussed in the accompanying Memorandum.  If the Plaintiff responds by reference to his deposition testimony, he shall include a page citation and any response referencing a prior produced document shall include an identifying reference, such as Bates stamp number or date and recipient of communication.  The Plaintiff shall also supplement his document production by specifically stating that there are no responsive documents if none exist.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE